Williams vs. Dooly.

---

EDWIN P. WILLIAMS, plaintiff in error, *vs.* THOMAS J. DOOLY, administrator, defendant in error.

Williams gave his written promise to pay by a given date to T. J. Dooly, as administrator of L. J. Dooly, $451 00, adding thereto "which is to be discharged and paid in notes and demands I hold against the estate, *to the extent and as far as the estate is sufficient to pay the debts thereof:*"

*Held*, that Williams was not bound to tender the notes and demands he held against the estate to the administrator on the day his contract matured, or forfeit all rights under it. By the contract the claims were so connected with the debt created by it, as to entitle Williams to a credit of such sum as he had a right to claim out of the estate, whenever the same could be ascertained.

Contracts. Administrators and executors. Tender. Before JASPER N. DORSEY, ESQ., Judge *pro hac vice.* White Superior Court. October Adjourned Term, 1873.

Thomas J. Dooly, as administrator upon the estate of Linsey J. Dooly, deceased, brought complaint against Edwin P. Williams, upon the following note:

"$451 00. By the sixth day of November next I promise to pay Thomas J. Dooly, as administrator of the estate of Linsey J. Dooly, deceased, four hundred and fifty-one dollars,

which is to be discharged and paid in notes and demands which I hold against the estate, to the extent and as far as the estate is sufficient to pay the debts thereof. This 12th January, 1867.        (Signed)        E. P. WILLIAMS."

The defendant pleaded that the estate of Linsey J. Dooly, deceased, was entirely solvent. That at the time of the making of the note sued on, and since, he held claims against said estate to the amount of $1,000 00, which he pleads as a set-off, and prays judgment for the surplus; that he has ever been willing to discharge said note in said claims, and has repeatedly offered plaintiff so to do; that after said note matured, to-wit: on December 30th, 1869, the plaintiff consented to accept the claims aforesaid in payment of said note, and agreed to meet this defendant at his house, in White county, in order to effect said settlement, but failed to keep the appointment.

To the plea was attached a schedule of the claims held by the defendant.

Upon demurrer the plea was stricken and defendant excepted. Judgment was then rendered by the court in favor of the plaintiff.

Error is assigned upon the above ground of exception.

C. H. SUTTON; WIER BOYD, for plaintiff in error.

J. B. ESTES, for defendant.

TRIPPE, Judge.

We do not think that the strict law of tender applies to a contract like this. It rather, by its terms, was an agreement that the claims which the maker of the note held against the intestate should be a mutual debt, so far as it concerned that note, and so far as the estate was sufficient to pay those claims. It did not give the defendant below an absolute right to discharge his debt by the tender or delivery of certain things, or any certain amount of "notes and demands." The right was qualified with the condition that they were to be paid

"to the extent, and so far as the estate is sufficient to pay the debts thereof." In *McDaniel, administrator, vs. Hooks*, 30 *Georgia*, 981, it was held that when an administrator, in selling land which is encumbered with a vendor's lien, agrees with the purchaser before the sale, to take up the lien, he is bound to allow the lien in settling with the purchaser. That case was a suit at law on the purchaser's note given for the land. The defendant proposed to prove by one Munroe that pending the sale he, Munroe, told the defendant that he held a note on Shiver,· the deceased, given for the same lot of land, and that it was agreed if the defendant became the purchaser at the sale, and would take up the note from Munroe, that the plaintiff would accept it as a credit or payment on the note sued on, as far as it would go ; that pursuant to agreement, Hooks, the defendant in the case, purchased the note from Munroe. This court held that the administrator was bound to allow the credit in settling with the purchaser. The note was pleaded as a set-off. In that case it was a verbal contract, here it is in writing, and made a part of the note sued on, that the plaintiff will receive whatever amount of notes and demands the maker holds on the estate to the extent it is sufficient to pay. We think there was error in dismissing the plea of defendant.

Judgment reversed.